IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

Karah Y. Ramirez,

Civil Action No._____

Plaintiff,

v.

RCVD - USDC CBLA SC
SEP 24 '25 PM 12:09

Douglas A. Collins, Secretary of the Department Of Veterans Affairs,

Defendant.

# COMPLAINT

Plaintiff, Karah Ramirez, brings this action against Douglas A. Collins, Secretary of the Department of Veterans Affairs and alleges as follows:

1) On April 10, 2023, Jesus Pena, Administrative Officer, in front of other staff, yelled and clapped his hands at complainant for not performing a supervisory task not listed in complainant's position description.

2) On April 10, 2023, Rebeca Flores-Morales, Chief Primary Care, denied and/or failed to provide an investigation for complainant's report of harassment.

3) On April 12, 2023, and April 13, 2023, Mr. Pena, threatened complainant with disciplinary action if she did not complete tasks associated with another employee's position description.

4) On April 12, 2023, Ms. Flores-Morales, and Mr. Pena, denied complainant's request for a review of her position description; and continued to require complainant to perform duties/ tasks documented in other staff members position descriptions.

5) On May 1, 2023, Ms. Flores-Morales tasked complainant with Nikki Harp's work assignments.

6) On June 2, 2023, Ms. Flores-Morales requested complainant to provide

the status of outstanding OPPE due while the complainant as on leave.

7) From June 6, 2023, and ongoing, management, and/or facility personnel failed to provide and/or denied Complainant's Reasonable Accommodation Request.

8) On June 21, 2023, Ms. Flores-Morales requested complainant provide the status of OPPE/ FPPE and PATS-R while complainant was on leave.

9) On June 23, 2023, Ms. Flores-Morales, denied complainant's request for administrative leave.

## PARTIES

1. Plaintiff, Karah Ramirez, is a resident of Richland County, South Carolina.

2. Defendant is Douglas A. Collins, Secretary of the Department of Veterans Affairs, sued in his official capacity. The VA is an agency of the United States Government.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because the events giving rise to this complaint occurred within the District of South Carolina.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Plaintiff filed a charge of discrimination with the Office of Resolution Management, Diversity & Inclusion (ORMDI) on August 21, 2023.

2. Plaintiff received Final Order from Office of Employment Discrimination on June 27, 2025. This action is filed within 90 days of that decision.

## FACTUAL ALLEGATIONS

The following undisputed material facts are taken from the documentary evidence contained in the Agency's EEO Report of Investigation ("ROI"):

1) Complainant has been a Secretary in Primary Care at the Columbia, South Carolina VA Medical Center since January. ROI at 139.

2) Complainant identified her first line supervisor as Dr. Rebeca Flores-Morales, Chief of Primary Care. ROI page 104.

3) Complainant identified she was subjected to a hostile work environment based on disability and reprisal (EEO Activity) as the basis for her claim, ROI at 87.

4) Complainant identified the management officials who allegedly discriminated against her as Jesus Pena and Rebeca Flores-Morales. ROI at 87.

5) Dr. Rebeca Flores-Morales shared personal, confidential information

with a subordinate who did not have a need to know and furthermore, perpetuated animosity within her own service by suggesting that an employee was setting up an EEO complaint. ROI 642

6) Jesus Pena engaged in bullying within the primary care service line that had the impact of isolating primary care employees. ROI 642

7) It is substantiated that a toxic work environment exists within primary care. ROI 637

8) Leave used summary for Karah Ramirez, provided by finance, depicts a leave status April 14, 2023-April 28, 2023 (leave without pay) and May 3, 2023-June 30, 2023 (combination of leave without pay, annual leave, sick leave, compensatory time and other leave). ROI 629.

9) On March 1, 2023 Dr. Rebeca Flores Morales sent email traffic to Karah Ramirez writing, "For awareness. She is creating the environment for an EEO."

10) Dr. Rebeca Flores-Morales stated on April 28, 2023 that Ms., Nikki Harp is responsible for FPPE/OPPE tasks. ROI 115.

11) Dr. Rebeca Flores-Morales stated on June 2, 2023 that Karah Ramirez was responsible for FPPE/OPPE tasks. ROI 117

12) Dr. Oluwaseye Alabi admitted that Karah Ramirez could not complete essential work functions without proper accommodation.

13) Dr. Oluwaseye Alabi admits that he did not insure the approved equipment was installed and desk was oriented as per approved accommodation memo.

14) Dr. Oluwaseye Alabi admits that he approved administrative leave for Karah Ramirez due to lack of implementation of approved accommodation until accommodations could be satisfied.

15) On April 10, 2023 Nikki Harp sent message to Karah Ramirez to request feedback regarding an email sent by Nikki Harp. ROI 107

16) On April 10, 2023 Karah Ramirez forwarded the message from Nikki Harp reading, "Karah will you please look at my email and give feedback. Thank you." to a group chat consisting of Nikki Harp and Jesus Pena and stated, "Nikki please consult with your supervisor any changes that may or may not need to be made to work completed." ROI 107

17) On April 11, 2023 Karah Ramirez sent email requesting desk audit. ROI 135

18) On June 21, 2023 Dr. Rebeca Flores-Morales sent email to Karah Ramirez that reads, "Good morning. I would like to follow up where you are with OPPE/FPPE & PATS-R since I saw you briefly at 08:30am but you have not returned to the office since 9:00am." ROI 146

19) AnShanette Davis filed an EEO complaint with the Office of Resolution Management, Diversity & Inclusion (ORMDI) on April 21, 2023. Primary care management (Chief, Primary Care and Deputy Chief of Staff). ROI 629

20) Yuseef Sayeed did not respond to the affidavit request. ROI 088

21) Jesus Pena did not respond to request from investigator for a follow up on his initial affidavit. ROI 0800

## Argument

Complainant was subjected to harassment and a hostile work environment based on disability and reprisal (EEO activity).

    i. Complainant can establish all elements of a prima faice case of hostile work environment harassment for the above claims at issue. Complainant has membership in a protected group and was treated differently from similarly situated employees not in protected group—specifically employees in the same work unit as the complainant and casual links between EEO activity regarding another employee and the toxic, hostile and retaliatory treatment received by complainant. Complainant expressed multiple concerns to three levels of leadership at the Dorn Veterans Affairs Medical Center of unwelcome verbal and physical conduct involving the protected class of reprisal and disability retaliation and that felt the harassment was based on protected class.

        1. Events 1; On April 10, 2023, Jesus Pena, Administrative Officer, in front of other staff, yelled and clapped his hands at complainant for not performing a supervisory task not listed in complainant's position description —It is the responsibility of supervisory staff to provide training and review the work of subordinate staff as per the position description for the program support assistant (*position number 54401921-A*) which reads '*the supervisor provided continuing or individual assignments by indicating generally what*

*is to be done, limitations, quality and quantity expected, deadlines, and priority of assignments. The supervisor provides additional, specific instructions for new, difficult, or unusual assignments including suggested work methods or advice on source material available, ... The supervisor assures that finished work and methods used are technically accurate and in compliance with instructions or established procedures.'* Witness to the event provided report of contact to our shared first line supervisor, Dr. Rebeca Flores-Morales, and second level supervisor, Yusef Sayeed. The report provided reads that *on 4/10/2023 approximately 9am a discussion took place between Mr. Pena and Ms. Ramirez regarding work duties. Ms. Ramirez was speaking to Mr. Pena in a calm voice and all sudden Mr. Pena bring to clap his hands in a loud manner and his voice began to get louder and louder to the point he is yelling at Mr. Ramirez in a very inappropriate matter stating, "If you cannot work as a team player, I will remove those duties from you". I stop what I was doing and just look in utter shock at Mr. Pena's behavior yelling at Ms. Ramirez. Both individuals stop talking and a few minutes later Ms. Ramirez proceeded to exit the office by slamming the door as she walked out the office. I sent Ms. Ramirez and ask if she were okay. She stated no. I stated to Ms. Ramirez I will write a statement. End of statement.'*. Statement from Christopher Barnard (investigative

coordinator) ORMDI affidavit reads, '*A Fact-Finding investigation was conducted to investigate several allegations, one of them being a Hostile Work Environment, but not specifically for Event (1) as written.*'. While Event 1 is outlined in the preliminary statement of fact finding conducted by Dorn VA Medical center (ROI 623) senior leadership at Dorn VA Medical Center failed to investigate all allegations of harassment brought forth by complainant.

    a. Complainant can show that (1) she engaged in prior protected activity by speaking out about and exercising rights related to workplace discrimination as both a witness and an aggrieved party (2) the agency official who took the adverse employment action was aware of the protected activity as grievance was filed with the agency official and another regarding the agency official (3) she was subsequently disadvantaged by an adverse employment action or adverse treatment by being identified as staff member to complete supervisory tasks and duties associated with other staff members and (4) there is a causal link between the protected activity and adverse action/treatment.

ii. As for Events 2-7 & 9 Position description assigned to the secretary is noted as non-supervisory. Completing functions outside of the classified position increased responsibility and thus exceeded the various

classification standard currently documented for the secretary position. Benchmarks, factor level descriptions or primary standard factor levels used in point rating, must be shown on an evaluation report summary or VA Form 5-3963a, Position Evaluation Statement Factor Evaluation System. Complainant was witness to leaderships retaliation and bullying of employee to involve threats of reprimand and plots for removal and brought forth those concerns to Dorn VA leadership to include email from Dr. Rebeca Flores-Morales, "For awareness. She is creating the environment for an EEO." Actions taken by primary care and Dorn VA leadership are materially adverse with the intent to deter complainant from engaging further in protected activity. Statutory retaliation clauses prohibit any discrimination that is reasonably likely to deter protected activity. *Battaglia v. Federal Deposit Insurance Corporation*, EEOC Appeal No. 01985358 (July 30, 2001), citing EEOC's Compliance Manual on *Retaliation*. Complainant was assigned an unreasonable more significant workload from other employees in the service while they were permitted to not complete their own work all with the same pay grade and informed of potential letters of admonishment and lower evaluations if not completed. The agency chose to not investigate claims brought forth by complainant. After complainant files grievance with first line supervisor of Dr. Flores she informed staff while Karah Ramirez was out of the office that employee Nikki Harp was responsible for OPPE & FPPE; however, complainant was expected to have completed the task and timely even all

while being out of the office. Both OPPE & FPPE need to be completed for providers to be able to practice at the facility. Without these, privileges should be stripped, and providers should not be providing care to patients without them. Leadership felt it appropriate to allow it to remain undone while the complainant was out of the office due to disability. Events 8 & 10, complainant was told she would be informed when conditions deemed suitable by the DMO (designated management official) assigned were implemented she could return to work. The alternate accommodation approved she was told by the RAC (reasonable accommodation coordinator) & DMO were in place. When complainant presented to work, she noted that this was false and called the DMO who agreed that the environment setup as it were was not suitable and did not measure up to standard. Complainant requested administrative leave until corrected and that temporary accommodation was approved. After being notified of approved administrative leave due to lack of implemented approved accommodation Rebeca Flores-Morales denied complainants temporary accommodation and stated that only FMLA or sick leave could be used. As per OPM administrative leave is not expressly referenced in title 5, the authority to grant an excused absence derives from the inherent authority for heads of agencies to prescribe regulations for the government of their organizations. Administrative leave can be granted as deemed appropriate by leadership. Dr. Rebeca Flores-Morales placed that authority with Dr. Oluwaseye Alabi. At no point was the complainant accommodated as

        agreed as per the approved reasonable accommodation. Complainant found her own permanent accommodation in the acceptance of position of employment elsewhere. Necessary accommodations were purposely delayed due to Dr. Rebeca Flores-Morales' views on employees who need accommodations despite herself having an accommodation. Both Jesus Pena and Dr. Rebeca Flores-Morales discriminated against, harassed and created hostile work environment for employees with disabilities to include Anshanette Davis, who also filed EEO complaint and disclosed disabilities and impairments, and as per the agency's own admission in their fact finding investigation.

iii. The agency cannot articulate a legitimate, non-discriminatory reason for the personal actions at issue. Affidavits from Dr. Rebeca Flores-Morales and Jesus Pena lack candor. The agency cannot show by a preponderance of the evidence that the reason articulated by the Agency is not pretext for disability discrimination and retaliation (EEO).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

1. A declaration that Defendant's actions violated Plaintiff's rights federal law;
2. Injunction prohibiting Defendant from engaging in further discriminatory or retaliatory practices;
3. Award back pay, benefits, and compensatory damages;

4. Award restoration of leave used to include annual leave, sick leave and leave without pay Plaintiff was forced to used as result of Defendant's unlawful actions or compensation equal to the value of such leave;

5. Expungement of all adverse employment records related to the unlawful actions of the Defendant;

6. Award reasonable attorneys' fees and costs;

7. Grant any other relief the Court deems just and proper.

*[signature]*

Karah Yolanda Ramirez

895 Royal Oak Way,

Elgin, SC, 29045

(843)957-7007

karahyford@gmail.com